UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
SHANNON JULIUS, AS PARENT AND NATURAL
GUARDIAN OF THE MINOR, JAYSON V., and
SHANNON JULIUS, Individually,                    Docket No.:  1:18-cv-4850
                Plaintiff(s),

               -against-                            **COMPLAINT**

CITY OF NEW YORK, POLICE OFFICER VICTOR
CHARLES, TAX REG#: 941538, in his individual and
official capacity, and POLICE OFFICERS "JOHN
DOES" 1-10, in their individual and official capacity,
                Defendant(s).
-------------------------------------------------------------------X

    Plaintiff, SHANNON JULIUS, AS PARENT AND NATURAL GUARDIAN OF THE MINOR, JAYSON V., and SHANNON JULIUS, by and through his and her attorneys, RENFROE DRISCOLL & FOSTER, LLP, as and for his Complaint, against the Defendants, respectfully states and alleges, upon information and belief, as follows:

### PRELIMINARY STATEMENT

    1. This is a civil action for monetary relief, including past economic loss, compensatory damages, punitive damages, disbursements, costs and fees brought under 42 U.S.C. §§ 1983, 1985 and 1986, and grounded in rights secured by the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution, and the laws of the State of New York. Plaintiff was deprived of his constitutional and common law rights when the individual Defendants falsely arrested Plaintiff.

### JURISDICTION

    2. This action is brought pursuant to 42 U.S.C. §§ 1983, 1985, 1986 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution. Jurisdiction is

conferred upon this Court by 28 U.S.C. § 1331 and the aforementioned statutory and constitutional provisions.

3. Plaintiff further invokes the pendent jurisdiction of this Court, pursuant to 28 U.S.C.A. § 1367, to hear and decide any and all claims arising under state law and causes of action that derive from the same nucleus of operative facts and are part of the same case of controversy that gives rise to the federally based claims and causes of action.

## VENUE

4. Venue herein is proper under 28 U.S.C. § 1391(a), (b) and (c) because the cause of action arose in the Southern District of New York, and one or more of the Defendants are subject to personal jurisdiction in the Southern District of New York, and have contacts sufficient to subject them to personal jurisdiction in the Southern District of New York.

## PARTIES

5. During all times relevant to this Complaint, Plaintiff, JAYSON V. and SHANNON JULIUS, (collectively and hereinafter "Plaintiff") were and still are, citizens of the United States, residing in the County of New York, State of New York.

6. The Defendant, CITY OF NEW YORK (hereinafter "CITY"), is a duly constituted municipal corporation of the State of New York and is and was the employer of Defendant, POLICE OFFICER VICTOR CHARLES, (hereinafter "CHARLES") and certain of the unnamed police officers and Detectives, and other personnel (hereinafter "JOHN DOES 1-10"), who are known by name by the Defendants but as of yet are not fully known to the Plaintiffs.

7. Upon information and belief, during all times relevant to this Complaint, Defendant, P.O. CHARLES, was and is a citizen and resident of the State of New York; and at all times herein mentioned was a Police Officer employed by the CITY, under the direction of the CITY and was

acting in furtherance of the scope of his employment, acting under color of statutes, ordinances, regulations, policies, customs, and usages of the State of New York and/or City of New York, and acting in his individual and official capacity.

8. That Defendants, JOHN DOES 1-10 were at all times herein mentioned police officers and/or detectives, in their individual and official capacities, employed by CITY under direction of Defendant, CITY, and were acting in furtherance of the scope of their employment, acting under color of law, *to wit*, under color of statutes, ordinances, regulations, policies, customs, and usages of the State of New York and/or the City of New York.

9. During all times relevant to this Complaint, the Defendants, and each of them, were acting under color of law, *to wit*, under color of constitution, statutes, ordinances, laws, rules, regulations, policies, customs and usages of the State of New York and/or the City of New York.

10. During all times relevant to this Complaint, the Defendants, separately and in concert, engaged in acts or omissions which constituted deprivation of the constitutional rights, privileges and immunities of the Plaintiff, and while these acts were carried out under color of law, they had no justification or excuse in law and were instead gratuitous, illegal, improper and unrelated to any activity in which law enforcement officers may appropriately and legally engage in the course of protecting persons and property or ensuring civil order.

11. During all times relevant to this Complaint, the Defendants, and each of them, had the power and the duty to restrain the other Defendants and prevent them from violating the law and the rights of the Plaintiff, but each of the Defendants failed and refused to restrain the other Defendants; and thereby, became a party to unlawfully subjecting the Plaintiffs to harm and denial of basic rights.

## FACTUAL ALLEGATIONS

12. On or about August 1, 2015, at approximately 5:20 p.m., Plaintiff was lawfully standing on the sidewalk of 113th Street between 2nd Avenue and 3rd Avenue, located in the County of New York, State and City of New York.

13. At that time, Plaintiff was unlawfully stopped by New York City Police Officers (including Defendants, P.O. CHARLES and JOHN DOES 1-10) and was subjected to an unlawful search and seizure, false arrest, and use of excessive force by agents and/or employees of the Defendant CITY.

14. The New York City Police Officers allegedly seized a "gravity knife" from Plaintiff's person.

15. In fact, the object allegedly seized by the officers was not and cannot be shown to be a "gravity knife."

16. Without provocation or cause, Plaintiff was falsely arrested and charged with being in possession of a "gravity knife."

17. Plaintiff was unlawfully restrained of his personal liberty and freedom, denied adequate, proper and timely police protection, and subject to the deprivation of his liberty without probable cause at the hands of the Defendant CITY, P.O. CHARLES, and JOHN DOES 1-10, their agents, employees, servants and assigns.

18. As a result of the Defendants, their agents, employees, servants and assigns, failure to act properly, Plaintiff was caused to suffer mental anguish and damage.

19. As a result of the Defendants' negligence, failure and wrongful acts, Plaintiff sustained mental anguish, injury to feelings, violation of Constitutional and Civil Rights, expenses incurred, pecuniary injuries and other injuries not yet fully ascertained.

20. The total amount claimed is One Million Dollars ($1,000,000.00).

## AS AND FOR COUNT ONE

**42 U.S.C. § 1983 - Violation of Plaintiff's Fourth and Fourteenth Amendment Rights**

21. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 21 of this Complaint with the same force and effect as though set forth herein.

22. Plaintiff alleges numerous constitutional violations under Section 1983, which include, but is not limited to: unlawful stop, unlawful search and seizure, failure to follow proper policies and protocols, failure to intervene, conspiracy as it relates to the above and conspiracy as it relates to the false arrest, false imprisonment, excessive use of force, and abuse of process, all of which support Plaintiffs' claims for constitutional violations.

23. Plaintiff alleges that the individually named Defendants CITY, P.O. CHARLES, and JOHN DOES 1-10, were acting in concert and within the scope of their authority when they arrested and caused Plaintiff to be imprisoned without probable cause in violation of Plaintiff's right to be free from an unreasonable seizure under the Fourth Amendment to the Constitution of the United States and to be free of a deprivation of liberty under the Fourteenth Amendment to the Constitution of the United States.

24. The false arrest of Plaintiff by the individually named Defendants was an objectively illegal and unreasonable physical seizures of Plaintiff in violation of his rights under the Fourth and Fourteenth Amendments to the Constitution of the United States.

25. Plaintiff alleges that the individually named Defendants, CITY, P.O. CHARLES, and JOHN DOES 1-10, failure to follow proper policies and protocols as it relates to the incident involving Plaintiffs on August 1, 2015, which constituted violations of Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments.  Plaintiff alleges that this conduct was intentional and malicious.

26. Plaintiff alleges that Defendants, P.O. CHARLES and JOHN DOES 1-10, failed to intervene as it relates to the incident involving Plaintiffs on August 1, 2015, which constituted violations of Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments. Plaintiff alleges that this conduct was intentional and malicious.

27. Plaintiff alleges that Defendants, P.O. CHARLES and JOHN DOES 1-10 conspired as to the unlawful stop, unlawful search and seizure, failure to follow proper policies and protocols, failure to intervene, false arrest and use of excessive force, as it relates to the incident involving Plaintiff on August 1, 2015, which constituted violations of Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments. Plaintiff alleges that this conduct was intentional and malicious.

28. On or about August 1, 2015, Plaintiff was falsely arrested, falsely seized and falsely detained, deprived of his freedom, unlawfully imprisoned and subjected to the use of excessive force by Defendants, P.O. CHARLES and JOHN DOES 1-10, in violation of his civil and constitutional rights afforded to him via the Fourth Amendment and the Due Process Clause of the Fourteenth Amendments of the United States Constitution, as well as 42 U.S.C. § 1983. All acts by the Defendants were committed under color of law; thus, depriving Plaintiff of rights secured by federal law and the United States Constitution.

29. On or about August 1, 2015, Defendants, CITY, P.O. CHARLES, and JOHN DOES 1-10, falsely arrested, falsely seized and falsely detained Plaintiff, thus depriving him of his freedom. Said seizure was made without probable cause, as Defendants were of the knowledge that Plaintiff had committed no crime.

30. Plaintiff was aware of his confinement and Plaintiff did not consent to being confined.

31. As part of the false arrest, detention and accusations, Defendants caused the Plaintiff to be

wrongfully seized, falsely detained, falsely arrested, falsely imprisoned, and deprived of his liberty, without probable cause. Furthermore, as a direct result of said actions, the Plaintiff was unjustly exposed to disgrace, public humiliation, injury and embarrassment.

32. In arresting, detaining and interrogating Plaintiff, each of the Defendants knew or should have known that they were violating federal law and the Plaintiffs' constitutional rights set forth herein and had failed to prevent the same; and therefore, acted in concert to harm the Plaintiff.

33. The use of excessive force by the individually named Defendants, P.O. CHARLES and JOHN DOES 1-10, in pushing, tackling, and slamming Plaintiff was an objectively unreasonable physical seizure of Plaintiff and was in violation of his rights under the Fourth and Fourteenth Amendments to the Constitution of the United States.

34. Each of the Defendants, separately and in concert, acted outside the scope of their jurisdiction and without authorization of law and each of the Defendants, separately and in concert acted willfully, knowingly and purposefully with the specific intent to deprive Plaintiff of his right to freedom from illegal seizure of his person, freedom from illegal detention and imprisonment, and freedom from having excessive force used against him; all rights that are secured to Plaintiff by the Fourth Amendment, the due process clause of the Fourteenth Amendments of the United States Constitution, and by 42 U.S.C. § 1983. As a direct and proximate result of the aforesaid acts of the Defendants and each of them, Plaintiff suffered great physical harm, mental anguish and violation of rights from then until now and Plaintiff will continue to so suffer in the future having been greatly humiliated and mentally injured, as a result of the foregoing acts of the Defendants.

35. That by reason of the foregoing, Plaintiff has been exposed to injury to his person, disgrace, humiliation and embarrassment and has been damaged in the sum of One Million Dollars ($1,

000,000.00), including the cost of this action, attorney's fees pursuant 42 U.S.C. §1988, and punitive damages.

36. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims and pursuant to the Fourth Amendment of the Unites States constitution this Court has jurisdiction to hear the federally based claim.

## AS AND FOR COUNT TWO

### 42 U.S.C. §1983 – Municipal Liability

37. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 36 of this Complaint with the same force and effect as though set forth herein.

38. Prior to August 1, 2015, and since, Defendants, CITY has permitted and tolerated a pattern and practice of unlawful stops and unlawful arrest by police officers against persons within the City of New York. Despite the egregiously improper conduct, the officers involved were not prosecuted, seriously disciplined or subjected to restraint. As a result, Defendants, CHARLES and JOHN DOES 1-10, were caused and encouraged to believe that individuals could be unlawfully stopped and arrested without probable cause, and that such behavior would, in fact, be permitted by CITY.

39. In addition to permitting a pattern and practice of falsely arresting persons, CITY has failed to maintain a proper system for oversight of officers and supervisors and for investigation of all incidents of unlawful stops and illegal arrests by their agents/employees.

40. The CITY has failed to respond to the continuing and urgent need to prevent, restrain and discipline police officers that deprive citizens of their civil rights.

41. A system allegedly maintained by the CITY, has failed to properly review unjustified behavior and activities by police officers, and has failed to identify the violative acts by police

officers and to subject officers to discipline, closer supervision or restraint to the extent that it has become the custom of the CITY to tolerate the unlawful arrest and other wrongful actions by police officers.

42. Upon information and belief, specific systemic flaws in the CITY's police misconduct review process include but are not limited to the following:

    a.    Preparing reports regarding investigations of incidents as routine point-by point justification of the police officers' actions regardless of whether such actions are justified;

    b.    Police officers investigating incidents systematically fail to credit testimony by non-police officer witnesses and uncritically rely on reports by police officers involved in the incident;

    c.    Police officers investigating incidents fail to include in their reports relevant factual information that would tend to contradict the statements of the police officer involved;

    d.    Police officers failing to communicate, properly respond to the scene and failing to provide the proper supervision at the scene of incidents;

    e.    Create and manufactured false testimony and evidence;

    f.    Overlooking false and misleading statements made by Police Personnel.

43. The foregoing acts, omissions, systemic flaws, policies and customs of the CITY caused New York City Police Officers to believe that improper actions would not be aggressively, honestly and properly investigated with the foreseeable result that officers are most likely to act inappropriately and unreasonably, and commit tortuous and illegal acts against persons. These such failure continued and were part of an ongoing culture.

44. As a direct and proximate result of the aforesaid acts, omissions, systemic flaws, policies and customs of Defendant, CITY, Plaintiff was arrested without probable cause, in violation of his

civil and constitutional rights. Moreover, he has suffered and will continue to suffer from psychological harm, humiliation, fear, and severe physical, emotional and psychological damage, resulting in the need to seek professional counseling for the trauma which he incurred. All of these rights are secured to Plaintiff by the provisions of the Fourth Amendment, the due process clause of the Fifth and Fourteenth Amendments of the Constitution of the United States, as well as 42 U.S.C. § 1983.

45. That by reason of the foregoing, Plaintiff has been exposed to injury to his person, disgrace, humiliation and embarrassment and has been damaged in the sum of One Million Dollars ($1,000,000.00), including the cost of this action, attorney fees pursuant 42 U.S.C. §1988, and punitive damages.

## AS AND FOR COUNT THREE

### 42 U.S.C. § 1985 – Conspiracy

46. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 45 of this Complaint with the same force and effect as though set forth herein.

47. Defendants, P.O. CHARLES and JOHN DOES 1-10, expressly and impliedly, agreed with each other to arrest Plaintiff without probable cause. All without consideration of Plaintiff's rights and in violation of Plaintiff's rights.

48. That the false arrest and violation of the laws of the State of New York and Plaintiff's civil rights were brought about and caused by the actions of Defendants and that the same were a clear and intentional abuse of process causing Plaintiff damages. All of these rights are secured to Plaintiff by the provisions of the Constitution of the United States and by 42 U.S.C. § 1985.

49. That by reason of the foregoing, Plaintiff has been exposed to injury to his person, severe emotional and psychological damage, disgrace, humiliation and embarrassment and has been

damaged in the sum of One Million Dollars ($1,000,000.00), including the cost of this action, attorney fees pursuant 42 U.S.C. §1988, and punitive damages.

## AS AND FOR COUNT FOUR

### 42 U.S.C. § 1986 – Failure to Intervene

50. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 49 of this Complaint with the same force and effect as though set forth herein.

51. Defendants, P.O. CHARLES and JOHN DOES 1-10, knew or should have known that the arrest of Plaintiff without probable cause violated the Plaintiff's rights, guaranteed to him under the Fourth, Fifth, and Fourteenth Amendments and 42 U.S.C. §§ 1983, 1985 and 1986.

52. Each of the said Defendants had the authority, ability and concurrent duty under 42 U.S.C. § 1986 to prevent the unlawful arrest of Plaintiff yet neglected to prevent said violations from occurring, and further failed to intervene to protect or aid the Plaintiff when such violations did in fact occur. All without consideration of Plaintiff's rights and in violation of Plaintiff's rights.

53. Defendants, P.O. CHARLES and JOHN DOES 1-10, failure to stop the unlawful arrest of Plaintiff constitutes a breach of their duty to do so under 42 U.S.C. § 1986.

54. Defendants, P.O. CHARLES and JOHN DOES 1-10, knew or should have known that the arrest of Plaintiff without probable cause was violative of his Fourth, Fifth and Fourteenth Amendment rights to due process, and were tantamount to unequal protection under the law, in violation of the Plaintiff's fundamental rights under the Constitution.

55. That by reason of the foregoing, Plaintiff has been exposed to injury to his person, severe emotional and psychological damage, disgrace, humiliation and embarrassment and has been damaged in the sum of One Million Dollars ($1,000,000.00), including the cost of this action, attorney fees pursuant 42 U.S.C. §1988, and punitive damages.

## AS AND FOR COUNT FIVE

### Unlawful Stops

56. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 55 of this Complaint with the same force and effect as though set forth herein.

57. The conduct of Defendants in stopping Plaintiff was performed under color of law and without any reasonable suspicion of criminality or other constitutionally required grounds.

58. As a direct and proximate result of such acts, Defendants deprived Plaintiff of his Fourth and Fourteenth Amendment rights, and in violation of 42 U.S.C. §1983.

59. As a result of the aforementioned conduct of Defendants, Plaintiff sustained damage.

60. Defendants collectively and individually, while acting under color of state law, were directly and actively involved in violating Plaintiff's constitutional rights.

61. The individually named Defendants were at all times servants and employees acting within the scope of their employment by Defendant, CITY, which is therefore responsible for their conduct.

62. Defendants, CITY, as the employer of the Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior.*

63. That by reason of the foregoing, Plaintiff has been exposed to injury to his person, severe emotional and psychological damage, disgrace, humiliation and embarrassment and has been damaged in the sum of One Million Dollars ($1,000,000.00), including the cost of this action, and punitive damages.

64. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims and pursuant to the Fourth Amendment to the United States Constitution, this court has jurisdiction to hear the federally based claims.

## AS AND FOR COUNT SIX

### **Negligent Hiring, Retention, Training and Supervision**

65. The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 64 with the same force as if more fully set forth at length herein.

66. That Defendant, CITY, and its employees, servants and/or agents acting within the scope of their employment did negligently hire, retain, train and supervise the individually named Defendants, P.O. CHARLES and JOHN DOES 1-10, who were unfit for the performance of their duties on August 1, 2015, at the aforementioned location.

67. That by reason of the foregoing, Plaintiff has been exposed to the deprivation of this constitutional rights, false imprisonment, severe emotional and psychological damage, disgrace, humiliation and embarrassment and has been damaged in the sum of One Million Dollars ($1,000,000.00), including the cost of this action, and punitive damages.

68. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## AS AND FOR COUNT SEVEN

### **Negligence**

69. The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 68 with the same force as if more fully set forth at length herein.

70. Defendants owed a duty of care to Plaintiff.

71. Defendants breached that duty of care by illegal stopping and unlawfully arresting Plaintiff.

72. As a direct and proximate cause of this unlawful conduct, Plaintiff sustained damages hereinbefore alleged.

73. All the foregoing occurred without any fault or provocation by Plaintiff.

74. That the Defendant, CITY, as the employer of the Defendants, P.O. CHARLES and JOHN DOES 1-10, are responsible for their wrongdoing under the doctrine of *respondent superior.*

75. That by reason of the foregoing, Plaintiff has been exposed to the deprivation of his constitutional rights, false imprisonment, severe emotional and psychological damage, disgrace, humiliation and embarrassment and has been damaged in the sum of One Million Dollars ($1,000,000.00), including the cost of this action, and punitive damages.

76. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## AS AND FOR COUNT EIGHT

### Negligent Infliction of Emotional Distress

77. The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 76 with the same force as if more fully set forth at length herein.

78. By the actions described herein, the individually named Defendants, each acting individually and in concert with each other, engaged in extreme and outrageous conduct, conduct utterly intolerable in a civilized community, which negligently caused severe emotional distress to Plaintiff by laws and Constitution of State of New York.

79. As a result of the foregoing, Plaintiff sustained great emotional injuries.

80. Defendant, CITY, as the employer of the Defendants, P.O. CHARLES and JOHN DOES 1-10, are responsible for their wrongdoing under the doctrine of *respondent superior.*

81. That by reason of the foregoing, Plaintiff has been exposed to severe emotional and psychological damage, mental anguish, disgrace, humiliation and embarrassment and has been damaged in the sum of One Million Dollars ($1,000,000.00), including the cost of this action, and punitive damages.

82. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## JURY DEMAND

83. Plaintiff hereby demands trial by jury of all issues properly triable by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for relief as follows:

That the jury find and the Court adjudge and decree that Plaintiff, SHANNON JULIUS, AS PARENT AND NATURAL GUARDIAN OF THE MINOR, JAYSON V., shall recover compensatory damage in the sum of One Million Dollars ($1,000,000.00) against the individual Defendants, jointly and severally, together with interest and costs; and punitive damages in the sum of Two Million Dollars ($2,000,000.00) against the individual Defendants, jointly and severally.

    a. That the Plaintiff recovers the cost of the suit herein, including reasonable attorney fees, pursuant to 42 U.S.C. § 1988.

    b. That the Plaintiff have such other and further relief as the Court shall deem just and proper.

Dated: Forest Hills, New York
May 29, 2018

Respectfully submitted,
**RENFROE DRISCOLL & FOSTER, LLP**

By: _____
**Patrick K. Foster, Esq.**
*Attorneys for Plaintiffs*
118-35 Queens Blvd., Suite 940
Forest Hills, New York 11375
Tel. No.: (718) 261-5100
Fax No.: (718) 304-1168
Our File No.: 18-166

Civil Action No.:
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
==============================================================

SHANNON JULIUS, AS PARENT AND NATURAL GUARDIAN OF THE MINOR, JAYSON V., and SHANNON JULIUS, Individually,

                                   Plaintiffs),

    -against-

CITY OF NEW YORK, POLICE OFFICER VICTOR CHARLES, TAX REG#: 941538, in his individual and official capacity, and POLICE OFFICERS "JOHN DOES" 1-10, in their individual and official capacity,

                                   Defendant(s)
==============================================================
## SUMMONS & COMPLAINT
==============================================================

**PATRICK FOSTER, LLP**
**RENFROE DRISCOLL & FOSTER, LLP**
Attorneys at Law
Attorneys for Plaintiff
118-35 Queens Blvd., Suite 940
Forest Hills, New York 11375
(718) 261-5100
(718) 304-1168 Telecopier
==============================================================

For:
Attorney(s) for
==============================================================

Service of a copy of the within                       is hereby admitted.
Dated:

                                                        Attorney(s) for
==============================================================

PLEASE TAKE NOTICE

  Notice of Entry
[ ]       that the within is a (certified) true copy of a     entered in the office of the clerk of     the within named          Court on

  Notice of Settlement
[ ]       that an order of which the within is a true copy will be settlement to the Hon.    , one of the Judges of the within named Court, at     on    at 9:30 A.M.

Dated: November 8, 2017

                         **RENFROE DRISCOLL & FOSTER, LLP**
                              Attorneys for Plaintiff
                               118-35 Queens Blvd.
                             Forest Hills, NY 11375