

**T**HE **C**ITY OF **N**EW **Y**ORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

ZACHARY W. CARTER
*Corporation Counsel*

BRACHAH GOYKADOSH
*Assistant Corporation Counsel*
bgoykado@law.nyc.gov
Phone: (212) 356-3523
Fax: (212) 356-1148

May 7, 2019

**By ECF**
Honorable Jesse M. Furman
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

   Re: *Julius as p/n/g of Jayson V. v. City of New York, et al.*, 18 Civ. 4850 (JMF)

Your Honor:

  I am an Assistant Corporation Counsel in the Office of Zachary W. Carter, Corporation Counsel of the City of New York, and the attorney assigned to the defense in the above-reference matter. In that capacity, I write to respectfully seek a Local Civil Rule 37.2 conference to discuss plaintiff's failure in producing certain discovery to defendants or, in the alternative, an order compelling plaintiff to produce the requested discovery by a date certain.

  **I.** *Background and Relevant Procedural History.*

  As the Court is aware, plaintiff alleges his civil rights were violated when he was arrested on August 1, 2015 on the sidewalk in upper Manhattan, New York and in possession of what the arresting officer believed to be a gravity knife. (*See* Docket Entry No. 6). Plaintiff is claiming severe emotional damages as a result of this incident. (*See generally* Docket Entry No. 6, ¶19, 34, 35, 45, 49, 55. 63, 67, 75, 81). The parties appeared for an initial conference on February 4, 2019, at which a discovery schedule was set by the Court. (Docket Entry No. 17). At the initial conference, defendants served plaintiff with their interrogatories and document requests. (*See* Defendants' Discovery Requests to Plaintiff, annexed hereto as Exhibit "A"). On March 28, 2019, approximately two weeks after his responses would be due under the Federal Rules of Civil Procedure, plaintiff filed deficient responses on the Electronic Case Filing system.[1] (*See*

---

[1] By filing plaintiff's responses on Electronic Case Filing, plaintiff's counsel violates Rule 5.2 of the Federal Rules of Civil Procedure. This is because these responses reveal both the infant plaintiff's full name and his birthday. The undersigned informed plaintiff's counsel of this on April 2, 2019.

Docket Entry No. 20). The parties have conferred in good faith by telephone on April 18, 2019 and by email pursuant to Local Civil Rule 37.2 concerning plaintiff's deficient responses and have been unable to reach a resolution. Thus, defendants seek the Court's intervention.

## II. *The Court Should Compel Plaintiff to Sign an Authorization Providing Defendants' with His School Records.*

As plaintiff was a student at the time of the incident, defendants requested that plaintiff complete and provide an authorization for access to his school records. (*See* Exhibit "A" at 8, Document Request No. 18). Plaintiff objected to this demand as simply "improper." (Docket Entry No. 20 at 18). Plaintiff is incorrect.

First, it is unclear what forms the basis for plaintiff's assertion that this discovery request is "improper." Plaintiff fails to articulate any basis—cognizable or otherwise—for the impropriety of this request. This response is in violation of Rule 34 of the Federal Rules of Civil Procedure. *See* FED. R. CIV. P. 34(b)(2)(B)-(C) ("For each item or category, the response must either state[…] *state with specificity the grounds for objecting to the request*, including the reasons." (emphasis added)). *See also Fischer v. Forrest*, No. 14 Civ. 1304 (PAE) (AJP), 2017 U.S. Dist. LEXIS 28102, at *2 (S.D.N.Y. Feb. 28, 2017), This response does not suffice.

Second, even if plaintiff had appropriately interposed an objection to defendants' request for his school records (he hasn't), that objection alone cannot relieve him from his discovery obligations. His school records are patently relevant to his claims of emotional damages in this action. Indeed, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense[.]" *Chen-Oster v. Goldman, Sachs & Co.*, 293 F.R.D. 557, 561 (S.D.N.Y. 2013), citing FED. R. CIV. P. 26(b)(1). "Although not unlimited, relevance, for purposes of discovery, is an extremely broad concept." *Chen-Oster*, 293 F.R.D. at 561, citing *Condit v. Dunne*, 225 F.R.D. 100, 105 (S.D.N.Y. 2004); *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). "[R]elevance is still a broad concept." *Michael Kors, L.L.C. v. Su Yan Ye*, No. 18 Civ. 2 684 (KHP), 2019 U.S. Dist. LEXIS 60057, at *4 (S.D.N.Y. Apr. 8, 2019).

Plaintiff's school records are relevant to his claim of emotional damages. *See e.g. Rowe v. City of New York*, No. 02-CV-4714 (DLI)(KAM), 2006 U.S. Dist. LEXIS 60986, at *3 (E.D.N.Y. Aug. 28, 2006) ("plaintiff's school records are reasonably calculated to lead to information relevant to plaintiff's claim for physical and emotional damages.). Here, plaintiff's school records may contain a multitude of relevant information. For instance, to the extent that plaintiff spoke with a guidance counselor concerning his purported emotional distress, that might be reflected in the school records; furthermore, to the extent plaintiff consistently did well in school prior to his arrest, that might be evidence of his emotional damages. Furthermore, if plaintiff was not a stellar student—i.e. if he was frequently detained at the principal's office—that might also affect his damages in this case where he claims he was unlawfully detained at the police station for five hours. In sum, plaintiff's school records are germane to his claim for emotional damages and are discoverable. The Court should compel plaintiff to sign an authorization providing defendants with access to these records.

### III.   *The Court Should Compel Plaintiff to Produce Relevant Social Media.*

Defendants also requested that plaintiff produce any social media postings from any social media platforms concerning the incident and concerning the New York City Police Department. (*See* Exhibit "A" at 8, Document Request Nos. 21, 22).  In response, plaintiff asserted that he was "not presently in possession of any social media[] postings." (*See* Docket Entry No. 20 at 10).  This response does not suffice.

Plaintiff's social media postings are relevant.  Indeed, Courts have ordered a plaintiff asserting emotional damages to produce their social media postings.  *See Reid v. Ingerman Smith LLP*, No. 12-cv-0307 (ILG)(MDG), 2012 U.S. Dist. LEXIS 182439, at *6-8 (E.D.N.Y. Dec. 27, 2012) ("plaintiff must disclose social media communications and photographs 'that reveal, refer, or relate to any emotion, feeling, or mental state . . . [and] that reveal, refer, or relate to events that could reasonably expected to produce a significant emotion, feeling or mental state.'"), citing *EEOC v. Simply Storage Mgmt.*, 270 F.R.D. 430 (S.D. Ind. 2010)); *McDonald v. Escape The Room Experience, LLC*, No. 15-CV-7101 (RA) (KNF), 2016 U.S. Dist. LEXIS 139203 (S.D.N.Y. Sep. 21, 2016) (discussing relevance of social media posts).  This is because social media postings may be relevant to a plaintiff's claims of emotional distress and may provide information regarding potential witnesses with knowledge of the incident.  Given that we are litigating this case in 2019—where social media is part of the fabric of society—this is not an unusual or outlandish request.  It is not enough to say that counsel is not in possession of any social media postings.

### IV.   *The Court Should Compel Plaintiff to Produce His Family Court File*

Defendants also requested that plaintiff produce his entire family court file. (*See* Exhibit "A" at 8, Document Request No. 23).  In response, plaintiff asserted that he was not in possession of the entire family court file. (*See* Docket Entry No. 20 at 11).   It is defendants' understanding that because plaintiff was a juvenile at the time of the incident, he did not have to appear in criminal court as a result of his arrest, but in family court.  Therefore, the family court file is relevant.  This Office has attempted to obtain the family court file but has been unable to.  But as the file belongs to plaintiff, he should be able to obtain it.  It is again not enough to say that he is not in possession of it.

### V.   *Conclusion.*

Therefore, defendants respectfully request that the Court schedule a Local Civil Rule 37.2 conference to discuss the issues raised herein.  In the alternative, should the Court believe that a conference is not necessary, defendants respectfully request that the Court order plaintiff to provide authorizations to obtain his school records, relevant social media, and his family court file by a date certain.

Defendants respectfully note that plaintiff's deposition is scheduled for May 13, 2019. Defendants also respectfully note that plaintiff has failed to provide other releases to records to defendants but has represented that he will do so. To the extent that plaintiff does not do so, defendants respectfully reserve the right to raise that issue in the future.

Thank you for your consideration herein.

                                             Respectfully submitted,

                                             /s/

                                             Brachah Goykadosh
                                             *Assistant Corporation Counsel*
                                             Special Federal Litigation Division